OPINION OF THE COURT
Robert L. Estes, J.
A judgment of foreclosure and sale in this proceeding was entered November 7,1983. The referee’s report of sale was filed March 1, 1984. There are surplus moneys in the sum of $4,686.81. The defendant National Bank & Trust Company of Norwich (Bank) has moved the court upon papers dated March 5, 1984 for an order amending the judgment to include a provision that it be paid from the proceeds, so much of the amount due it as holder of the only subordinate mortgage, as the remaining proceeds will pay.
Although no notice of appearance was filed with the court by the moving Bank, the affidavit of regularity indicates that the Bank made a limited appearance and waived service of all the papers and notices except notice of sale, report of sale and notice of proceedings to obtain surplus moneys.
While a court may properly include in a judgment of foreclosure and sale a provision such as that sought by the moving Bank, the Bank’s application must be denied for several reasons. (RPAPL 1354, subd 3.)
The provision may be included upon a timely motion by the holder of the subordinate mortgage in accordance with *794 the provisions of RPAPL 1351 (subd 3). In order to be timely, the motion must be made before the sale of the premises. To hold otherwise would place at risk of contempt, the dutiful referee who promptly and diligently carries out the duties delegated to him by the court. It would also constitute an unlawful deprivation of rights of others. Once the gavel falls, reference to the terms of the judgment and the amount of the proceeds of sale determines whether or not there exist surplus moneys. Modification of the judgment after surplus moneys come into existence would divest of their adjective rights those parties for whom notice is provided by RPAPL 1361.
In addition, by its limited appearance, this moving Bank previously waived its rights to be heard with respect to the form of the judgment. Existing demands upon judicial resources do not permit interference with the efficient and timely disposition of cases by a party’s change of mind about whether or not it wishes to be heard. No reason or excuse is offered by the Bank for its change of position.
Denial of the motion will not leave the moving Bank without a remedy to collect any amount which is justly due and owing pursuant to its mortgage. Application for payment out of surplus moneys may be made pursuant to RPAPL 1361.